1 | ANNETTE L. HURST (Bar No. 148738)
2 | ELISABETH R. BROWN (Bar No. 234879)
  | HELLER EHRMAN LLP
3 | 333 Bush Street
  | San Francisco, California 94104-2878
4 | Telephone: +1.415.772.6000
  | Facsimile: +1.415.772.6268
5 | Email:  Annette.Hurst@HellerEhrman.com
  |         Elisabeth.Brown@HellerEhrman.com
6 | Attorneys for Plaintiffs GYM-MARK, INC.
  | and THE GYMBOREE CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GYM-MARK, INC. and THE GYMBOREE CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>ONLY THE BEST, INC. d/b/a CRAZY SHIRTS,<br><br>Defendant. | Case No.: CV 08 0765<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs Gym-Mark, Inc. ("Gym-Mark") and The Gymboree Corporation ("Gymboree") (collectively, "Plaintiffs"), by and through their undersigned counsel, Heller Ehrman LLP, bring this Complaint for Declaratory Judgment against Defendant, Only The Best, Inc. d/b/a Crazy Shirts ("Defendant" or "Crazy Shirts").

**INTRODUCTION**

1.  In August 2007, Gymboree launched a trendy, new children's store and product line—Crazy 8. Gymboree now has fourteen stores operating in four states selling the distinctive Crazy 8™ product line. Defendant Crazy Shirts has threatened to sue Plaintiffs, claiming that Plaintiffs' use of the word "Crazy" in the CRAZY 8 and CRAZY EIGHT marks infringes its CRAZY SHIRTS mark. By this complaint, Plaintiffs seek a declaration that Plaintiffs' use of the trademarks CRAZY 8 and CRAZY EIGHT does not infringe upon, is not likely to cause confusion with, and does not in any way violate the proprietary rights, if any, claimed by Defendant in the CRAZY SHIRTS mark.

COMPLAINT FOR DECLARATORY JUDGMENT    1

## THE PARTIES

2. Gymboree is a Delaware corporation with its principal place of business at 500 Howard Street, San Francisco, California 94105.

3. Gym-Mark is a California corporation with its principal place of business at 500 Howard Street, San Francisco, California 94105.

4. Defendant is a Hawaii corporation that is registered to do business in the state of California and has a designated agent for service of process. Defendant operates three retail stores in this District. Upon information and belief, Defendant's principal place of business is 99-969 Iwaena St, Aiea, Hawaii 96701-3249.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over the subject matter of this claim pursuant to 15 U.S.C. Section 1051, *et seq.* and 15 U.S.C. Section 1121(a) and pursuant to 28 U.S.C. Sections 2201, 2202, 1331 and 1338(a). Venue in this district is proper under the provisions of 28 U.S.C. Section 1391.

6. Personal jurisdiction is proper over Defendant in this District in light of Defendant's residence and business activities within the District.

## INTRADISTRICT ASSIGNMENT

7. Because this action is an Intellectual Property Action within the meaning of Local Rule 3-2(c), the action is to be assigned on a district-wide basis.

## FACTUAL BACKGROUND

8. Gymboree is a highly regarded and widely recognized specialty retailer of children's apparel. For over twenty years, the GYMBOREE® brand has symbolized unique, high-quality children's clothing. Gym-Mark is a wholly-owned subsidiary of Gymboree and the holding company for Gymboree's intellectual property.

9. In August 2007, Gymboree launched a new product line and retail stores called Crazy 8™. Gymboree opened the first Crazy 8 store that month and now has fourteen stores in four states, with plans to open more Crazy 8 stores nationwide. The Crazy 8 product line and stores offer trendy, wholesome clothing and footwear for children

Heller Ehrman LLP

COMPLAINT FOR DECLARATORY JUDGMENT    2

ranging in age from newborns to preteens. The Crazy 8 product line and stores offer a wide array of attire that meet the clothing needs of children, including complete outfits, denim jeans, pants, sweaters, shirts, pajamas and shoes. Gymboree only sells the Crazy 8 products at its Crazy 8 stores or through its online store at www.crazy8.com.

10. Defendant Crazy Shirts predominantly sells t-shirts centered around a tropical theme. Crazy Shirts' stores are limited to tourist destinations, including Las Vegas, Nevada and ocean side locales in Hawaii, California, Florida, and North Carolina. Defendant primarily markets to tourists, in particular young adults and adults. Crazy Shirts offers only a limited supply of children's apparel. Upon information and belief, Crazy Shirts' clothing is only sold in Crazy Shirts' stores or on its web site.

11. The CRAZY SHIRTS mark is weak. The term "Shirts" is descriptive of the primary product sold by Crazy Shirts. The term "Crazy" is diluted, with dozens of other registered composite trademarks incorporating the term or a phonetic variant thereof.

12. On October 26, 2006, in anticipation of the Crazy 8 launch, Gym-Mark filed International Class 25 trademark applications at the United States Patent and Trademark Office ("PTO") for the CRAZY 8 mark (serial number 77030291) and the CRAZY EIGHT mark (serial number 77030321) for use in connection with the sale of clothing and footwear for children and infants. The due date for opposing both applications expired without any opposition being filed. The PTO issued Notices of Allowance for both marks on November 6, 2007.

13. On or about January 2, 2008, Defendant sent Gym-Mark correspondence, asserting Plaintiffs' use of the CRAZY 8 and CRAZY EIGHT marks violates the Lanham Act and demanded Plaintiffs cease any use of the term "Crazy" in connection with the sale or promotion of any apparel products. Defendant threatened litigation if Gym-Mark refused to accede to its demands. Defendant also insisted Gym-Mark withdraw its applications for the CRAZY 8 and CRAZY EIGHT marks in International Class 25. A true and correct copy of the January 2, 2008 letter is attached hereto as Exhibit A.

14. Given Gymboree's investment in the Crazy 8 product line and retail services

Heller Ehrman LLP

COMPLAINT FOR DECLARATORY JUDGMENT   3

and its plans to expand the Crazy 8 stores throughout the United States, a declaratory relief judgment is necessary at this time to settle this controversy and clarify Gymboree's continued right to use the CRAZY 8 and CRAZY EIGHT marks.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment)

15. Plaintiffs incorporate the allegations set forth in paragraphs 1-13 above as though fully set forth herein.

16. There exists an actual case or justiciable controversy between the parties, as Defendant has charged Plaintiffs with infringing Defendant's asserted rights in the CRAZY SHIRTS mark. Defendant's conduct has created a real and reasonable apprehension on the part of Plaintiffs that they will face suit from Defendant if Plaintiffs continue using the CRAZY 8 and CRAZY EIGHT marks in connection with the advertising and sale of its goods and services.

17. Plaintiffs have been using the CRAZY 8 mark in commerce in connection with the sale of their goods and services and Plaintiffs have accumulated substantial goodwill among customers. Plaintiffs have a real legal interest in continuing to use the CRAZY 8 mark and continue to have a bona fide intention to use the CRAZY EIGHT mark.

18. Plaintiffs have not and are not now infringing or otherwise violating Defendant's asserted rights in the CRAZY SHIRTS mark. The CRAZY 8 and CRAZY EIGHT marks are distinctive and arbitrary and are not confusingly similar to, or likely to be confused with, the CRAZY SHIRTS mark. The Crazy 8 product line is marketed exclusively by Gymboree in the Crazy 8 stores and on its web site and are unlikely to be confused with goods offered for sale by Defendant through its stores. The Crazy 8 product line consists of a diverse offering of children's apparel to meet children's clothing needs, whereas Crazy Shirts targets the niche market of tourist apparel in tourist destinations.

19. The CRAZY SHIRTS mark is weak. The term "Crazy" is broadly incorporated in composite marks in International Class 25 and has become diluted to the

Case 3:08-cv-00765-VRW   Document 1   Filed 02/01/2008   Page 5 of 12

point where the mere use of the term "Crazy" in a mark is insufficient to allow Defendant to maintain a claim for infringement. The term "Shirts" is simply descriptive of Defendant's primary product.

20. Plaintiffs are entitled to a declaratory judgment that they are not infringing upon or otherwise violating any claimed trademark or equivalent rights of Defendant in the CRAZY SHIRTS mark. Declaratory judgment will resolve the entire controversy between the parties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

A. A declaration that Plaintiffs' use of the trademarks CRAZY 8 and CRAZY EIGHT, does not infringe upon, is not likely to cause confusion with, and does not in any way violate the proprietary rights, if any, claimed by Defendant and, therefore, Plaintiffs are entitled to use the trademarks CRAZY 8 and CRAZY EIGHT nationwide in connection with a variety of goods and services, including, without limitation, the promotion and sale of clothing and footwear for children and infants;

B. An order enjoining and prohibiting Defendant from asserting or threatening to assert any claims for liability against Plaintiffs (or anyone acting on their behalf or with their authorization), for alleged violation of Defendant's claimed proprietary rights and from asserting and threatening to assert any other liability against Plaintiffs (or anyone acting on their behalf or with their authorization) in connection with Plaintiffs' use or registration of the marks CRAZY 8 and CRAZY EIGHT;

C. That Plaintiffs be awarded the costs of this suit;

D. That Plaintiffs be awarded their attorneys' fees; and

E. That Plaintiffs be granted such other and further relief as the Court may deem just and proper.

Heller Ehrman LLP

COMPLAINT FOR DECLARATORY JUDGMENT   5

January 31, 2008

Respectfully submitted,
HELLER EHRMAN LLP

By /s/ Annette L. Hurst
ANNETTE L. HURST

Attorneys for Plaintiffs
GYM-MARK, INC. and THE GYMBOREE CORPORATION

Heller Ehrman LLP

COMPLAINT FOR DECLARATORY JUDGMENT   6

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury of all issues properly triable of right by jury.

January 31, 2008

Respectfully submitted,
HELLER EHRMAN LLP

By *Annette L. Hurst*
ANNETTE L. HURST

Attorneys for Plaintiffs
GYM-MARK, INC. and THE GYMBOREE CORPORATION

ANNETTE L. HURST (Bar No. 148738)
ELISABETH R. BROWN (Bar No. 234879)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268
Email:     Annette.Hurst@HellerEhrman.com
           Elisabeth.Brown@HellerEhrman.com

Attorneys for Plaintiffs GYM-MARK, INC.
and THE GYMBOREE CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GYM-MARK, INC. and THE GYMBOREE CORPORATION,<br><br>          Plaintiffs,<br><br>     v.<br><br>ONLY THE BEST, INC. d/b/a CRAZY SHIRTS,<br><br>          Defendant. | Case No.:<br><br>**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS PURSUANT TO LOCAL RULE 3-16** |

In accordance with Civil Local Rule 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Plaintiff Gym-Mark, Inc. is wholly owned by Plaintiff The Gymboree Corporation; and Plaintiff The Gymboree Corporation is a publicly traded company, of which more than 10% is owned by both FMR Corporation and by Goldman Sachs Asset Management, L.P.

//

//

//

Heller Ehrman LLP

1

CERTIFICATION OF INTERESTED ENTITIES OR PERSONS PURSUANT TO LOCAL RULE 3-16

Dated: February 1, 2008

Respectfully submitted,
HELLER EHRMAN LLP

By _____
ELISABETH R. BROWN

Attorneys for Plaintiffs
GYM-MARK, INC. and THE GYMBOREE CORPORATION

Heller Ehrman LLP

2

CERTIFICATION OF INTERESTED ENTITIES OR PERSONS PURSUANT TO LOCAL RULE 3-16

Exhibit A

Jan-09-08   12:52pm   From-Gymboree Legal Department          4152787562            T-872  P.002/003  F-947
RECEIVED JAN 09 2008

# DWYER SCHRAFF MEYER GRANT & GREEN
### ATTORNEYS AT LAW ❖ A LAW CORPORATION

900 FORT STREET MALL, SUITE 1800 ❖ HONOLULU, HAWAII 96813
TELEPHONE (808) 524-8000 ❖ FACSIMILE (808) 537-4667 ❖ HOME PAGE: www.dwyerlaw.com

JOHN R. DWYER, JR
PAUL A. SCHRAFF
WILLIAM G. MEYER, III
RONALD V. GRANT
ADELBERT GREEN
LAUREN B. LUIS
TRACI R. MORITA

JARED H. JOSSEM (1942 - 2003)

Of Counsel:
BEATRICE L. K. DAWSON

WILLIAM G. MEYER III
INTELLECTUAL PROPERTY
ENTERTAINMENT
ART LAW
INTERNET
E-COMMERCE
LITIGATION

Direct (808) 534-4412
wmeyer@dwyerlaw.com

January 2, 2008

**VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

Gym-Mark, Inc.
Corporation California
500 Howard Street
San Francisco, CA 94105

Re:   Crazy Shirts

Dear Sirs:

      Please be advised that I am Intellectual Property Counsel for Only The Best, Inc. dba Crazy Shirts. By assignment dated November 26, 2001 and recorded with the United States Patent and Trademark Office ("USPTO") on March 26, 2002, my client owns all right, title and interest in and to that certain trademark consisting of the word mark "Crazy Shirts" used in connection with: 1) silk screening t-shirts (Class 25), which mark is registered with the USPTO bearing Registration Number 943,290; 2) wearing apparel, namely, t-shirts (Class 25), which mark is registered with the USPTO bearing Registration Number 1,139,644; 3) tote bags, (Class 18), which mark is registered with the USPTO bearing Registration Number 1,999,785; and 4) retail clothing store services (Class 42), which mark is registered with the USPTO bearing Registration Number 1,126,473. In addition, my client also holds State of Hawaii, Department of Commerce and Consumer Affairs ("DCCA") trade name, trademark and service mark registrations for the mark "Crazy Shirts."

      Only The Best, Inc. dba "Crazy Shirts" and Only The Best, Inc.'s predecessor in interest also doing business as "Crazy Shirts" have over many years spent significant sums for advertising, marketing and promoting goods sold under the "Crazy Shirts" trademark. As a result of Crazy Shirts' extensive sales, advertising and promotion of its products under the "Crazy Shirts" trademark, and as a result of other publicity given to its products, the "Crazy Shirts" mark has become associated in the minds of consumers and the apparel industry with a unique source of high quality and stylish apparel products and consumers purchase those products in reliance upon the guarantee of quality represented by Crazy Shirts' marks.

      It has come to my client's attention that you are pursuing registration of the marks "Crazy 8" and "Crazy Eight" with the United States Patent and Trademark Office ("PTO") in Class 25 for apparel products. Your use, or proposed use, of a mark consisting of the dominant element of my client's mark (to wit: "Crazy") in connection with apparel products is likely to cause detrimental

266413.1

PAGE 2/3 * RCVD AT 1/9/2008 1:03:15 PM [Pacific Standard Time] * SVR:SFCS03/0 * DNIS:3868 * CSID:4152787562 * DURATION (mm-ss):01-26

Jan-09-08   12:52pm   From-Gymboree Legal Department           4152787562         T-872  P.003/003  F-947

Gym-Mark, Inc.
January 2, 2008
Page 2

confusion, tarnishment and other damage to my client's valuable mark and to the valuable goodwill associated therewith.

Notwithstanding your pending PTO applications, your use, or proposed use, of the marks "Crazy 8" and/or "Crazy Eight" will violate my client's valuable intellectual property rights under Hawaii unfair competition law, Hawaii trademark law and the Lanham Act (the Federal Trademark Act).

Demand is hereby made upon you to cease and desist from any use of the proposed marks "Crazy 8" and/or "Crazy Eight" in connection with apparel products and that you abandon your pending PTO trademark applications and further that within ten (10) days of the date of this letter, you provide written confirmation that you have agreed to comply with this demand.

If you do not comply with the foregoing, an appropriate legal action may be filed to protect my client's rights in connection with this matter.

Very truly yours,

DWYER SCHRAFF MEYER
GRANT & GREEN

William G. Meyer, III

WGM:cya
cc:   Client

266413.1

PAGE 3/3 * RCVD AT 1/9/2008 1:03:15 PM [Pacific Standard Time] * SVR:SFCS03/0 * DNIS:3868 * CSID:4152787562 * DURATION (mm-ss):01-26